UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | Criminal Action No. 2: 09-103-DCR |
| ) | |
| V.    ) | |
| ) | |
| HAMED I. ABDULLAH,    ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant.    ) | |
| ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is pending for consideration of Defendant Hamed Abdullah's motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). [Record No. 87] Abdullah argues that his sentence should be reduced as a result of the recent changes to the United States Sentencing Commission's drug tables in the United States Sentencing Guidelines. He is currently serving a term of imprisonment of 70 months based on his conviction for distributing five grams or more of cocaine base.[1] For the reasons discussed below, Abdullah's motion will be denied.[2]

---

[1]     Abdullah is serving a total term of imprisonment of 91 months. His actions in this case resulted in a violation of his supervised release in *United States v. Abdullah*, U.S. Dist. Ct., E.D. Ky., Northern Div. at Covington, No. 2: 04-31-DCR. The 21 month term of imprisonment for the supervised release violation runs consecutively to the 70 month term of imprisonment in this case. [Record No. 85. p. 2]

[2]     The Court previously considered and denied the defendant's request for the appointment of counsel and noted that a hearing is not necessary in proceedings filed under 18 U.S.C. § 3582(c)(2). [Record No. 88]

A two-count Indictment was returned against Abdullah on December 10, 2009. [Record No. 3] Abdullah was charged in Count One of the Indictment with distributing five grams or more of cocaine base and Count Two for possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Abdullah subsequently pleaded guilty to Count One. Paragraph 3 of the Plea Agreement describes his actions. It states:

> (a) The Defendant sold approximately .903 grams of cocaine base (crack cocaine) to an informant working with the F.B.I. Safe Streets Task Force for approximately $100 on August 4, 2009 in Covington, Kentucky.
>
> (b) The Defendant sold approximately .275 grams of cocaine base (crack cocaine) to an informant working with the F.B.I. Safe Streets Task Force for approximately $100 on August 13, 2009 in Covington, Kentucky.
>
> (c) The Defendant sold approximately 4.33 grams of cocaine base (crack cocaine) to an informant working with the F.B.I. Safe Streets Task Force for approximately $300 on September 3, 2009 in Covington, Kentucky.
>
> (d) The Defendant possessed approximately 25 grams of cocaine in Covington, Kentucky, with the intent to distribute some of it on September 15, 2009.
>
> (e) The Defendant obtained approximately 3-4 ounces of powder cocaine during a time period between the summer of 2008 and the September 15, 2009. He had another person process this into crack cocaine at a location in Covington, Kentucky. The Defendant sold the resulting crack cocaine.
>
> (f) The Defendant is responsible for a total amount of controlled substances that would be more than 50 grams of crack cocaine but less than 150 grams.
>
> (g) On or about February 14, 2005, the Defendant was convicted of Distribution of Crack Cocaine, a felony, in the United States District Court for the Eastern District of Kentucky, in case number 2:04-CR-[3]1.

[Record No. 56, pp. 1–2]

Abdullah was originally sentenced on November 29, 2010, to a term of imprisonment of 96 months. [Record No. 57] However, that sentence was vacated and remanded by the Sixth Circuit for re-sentencing. [Record No. 66] Abdullah was re-sentenced on December

17, 2012. [Record No. 83] Abdullah objected to the calculation of his Criminal History in the Presentence Investigation Report ("PSR"). [PSR, p. 29] However, that objection was overruled during sentencing. [Record No. 83] The Court determined that Abdullah's Base Offense Level was 26 under the United States Sentencing Guidelines. Based on his previous criminal convictions, Abdullah was placed in Criminal History Category IV. [PSR, p. 14] Further, he received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. [*Id.*, p. 5] As a result, Abdullah's Total Offense Level was 23 and his non-binding guideline range for imprisonment was determined to be 70 to 87 months. [*Id.*, pp. 5, 21]

All relevant factors of 18 U.S.C. § 3553 were carefully considered when evaluating the sentence to imposed on December 17, 2012 (*i.e.*, the serious nature of the offense, the history and characteristics of the defendant, the detrimental impact such crimes have on the public, and the need for general and specific deterrence to future criminal conduct). The Court recognized that drug treatment and vocational training was important for rehabilitation purposes. Further, the undersigned determined that a term of incarceration of 70 months was necessary and appropriate under the circumstances presented. [Record No. 85] At the time, the Court found that a lower term of incarceration was not appropriate. This conclusion has not changed.

The undersigned continues to believe that the sentence imposed is not greater than necessary to meet all statutory goals included in 18 U.S.C. § 3553(a). The defendant's conviction involved a very serious drug offense and was commenced shortly after Abdullah began a term of supervision following a separate drug conviction in this Court. Therefore, when considering the defendant's criminal history, a reduced sentence would not provide

general or specific deterrence. Instead, a reduction of the term of incarceration previously imposed would unduly diminish the seriousness of Abdullah's criminal conduct. Finally, while the Court recognizes that the cost of incarcerating Abdullah is substantial, that cost does not outweigh the relevant statutory considerations outlined above. Accordingly, it is hereby

**ORDERED** that Defendant Hamed I. Abdullah's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 87] is **DENIED**.

This 11th day of February, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge